UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION AT HAMMOND

| | |
|---|---|
| WILLOW TREE FARMS LP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No: 4:18 CV 19 |
| | ) |
| CRAIG BYROAD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter comes before the court on plaintiff Willow Tree Farms, LP's motion to remand this case to state court. (DE # 29.) For the reasons set forth below, plaintiff's motion will be granted.

## I. BACKGROUND

This matter is before the court on diversity jurisdiction. Plaintiff, Willow Tree Farms, LP, originally filed its *in rem* complaint in the White County Superior Court. (DE # 3.) Plaintiff's complaint alleges that defendants, Craig Byroad, Ronald Byroad, Marlene Byroad, and CRB AG, LLC, leased property from plaintiff, but failed to pay rent and failed to vacate the property when the lease expired. (*Id.* at 1.) In the complaint, plaintiff requests relief in the form of immediate repossession of the property. (*Id.*) Plaintiff specifically notes that it seeks *in rem* relief only, as some of the defendants are currently debtors engaged in bankruptcy proceedings. (*Id.*)

Defendants removed this case to federal court. In their notice of removal, defendants assert that this court may exercise both federal question and diversity

jurisdiction. (DE # 1 at 2.) Defendants also claim that removal is proper pursuant to 28 U.S.C. § 1452 and 28 U.S.C. § 1441(a) and (c). (*Id.*)

Plaintiff now moves to remand the case to state court on the basis that this court lacks jurisdiction. (DE # 29.) Defendants did not file a response to plaintiff's motion and the time to do so has passed. This matter is now ripe for resolution.

## II.  LEGAL STANDARD

A district court may exercise either federal question jurisdiction pursuant to 28 U.S.C. § 1331, or diversity jurisdiction pursuant to 28 U.S.C. § 1332. With regard to the former, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. With regard to the latter, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," and where complete diversity of citizenship exists. 28 U.S.C. § 1332. Complete diversity of citizenship exists where no plaintiff is a citizen of the same state as any defendant. *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 546 n. 1 (7th Cir. 2008). Further, for removal based on Section 1332(a) to be proper, diversity of citizenship must have existed at the time of removal. *Harmon v. OKI Sys.*, 115 F.3d 477, 480 (7th Cir. 1997).

A defendant who seeks to remove an action to federal court has the burden of establishing that the complete diversity requirement was met. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Meyerson v. Showboat Marina Casino P'ship*, 312

F.3d 318, 321 (7th Cir. 2002). Thus, when a party opposing federal jurisdiction challenges the allegations of jurisdictional facts, the party seeking the federal forum must prove those facts by a preponderance of the evidence. *Meridian,* 441 F.3d at 543. District courts are to "interpret the removal statute narrowly," and any doubts regarding jurisdiction should be resolved in favor of remand to state court. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).

### III. DISCUSSION

#### A. *Federal Question Jurisdiction*

In their notice of removal, defendants make the conclusory allegation that this court may exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331. (DE # 1 at 2.) Yet, plaintiff's claim for repossession of property does not arise under the constitution, laws, or treaties of the United States, and defendants do not identify any federal question they believe is at issue.

#### B. *Diversity Jurisdiction*

Defendants assert that "[r]emoval is also proper pursuant to 28 U.S.C. § 1332(a), as the plaintiff is a limited partnership comprised of foreign nationals who are not domiciled in the State of Indiana, and the amount in controversy exceeds $75,000.00." (DE # 1 at 2.) Plaintiff argues that the requirements of Section 1332 are not satisfied in this case. Although they bear the burden of establishing that removal is proper, defendants failed to respond to plaintiff's motion.

3

Defendants have failed to establish that the amount-in-controversy requirement is satisfied. Section 28 U.S.C. § 1446(c)(2)(B) instructs that if a plaintiff contests a defendant's amount-in-controversy allegation, removal is proper if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. *See also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54, (2014). Here, plaintiff's complaint explicitly states that plaintiff does not seek monetary relief. Moreover, defendants have failed to establish how the relief plaintiff seeks might otherwise meet the amount-in-controversy requirement. *See e.g. Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799–800 (7th Cir. 2003) ("In a suit for injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation.' . . . the object may be valued from either perspective—what the plaintiff stands to gain, or what it would cost the defendant to meet the plaintiff's demand.") (internal citation omitted).

Here, the amount-in-controversy has not been satisfied. Therefore, this court may not exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

C. *Removal of Claims Related to Bankruptcy Cases*

Defendants allege that removal is proper pursuant to 28 U.S.C. § 1452. This section permits the removal of claims related to bankruptcy cases. Pursuant to this section, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. §

4

1452(a). However, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).

Defendants have failed to demonstrate that this court has jurisdiction over plaintiff's claim or cause of action under Section 1334. To the contrary, it appears that pursuant to 28 U.S.C. § 1334(c)(2) this court should abstain from adjudicating this case, even to the extent that it was related to defendants' bankruptcy cases:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

IV. **CONCLUSION**

For the reasons set forth above, plaintiffs' motion to remand (DE # 29) is **GRANTED**, and this case is **REMANDED** to the White County Superior Court.

**SO ORDERED.**

Date: September 17, 2018

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT